# EXHIBIT A

**2**

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 18-1410 E | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| | | |
|---|---|---|
| PLAINTIFF(S): | Eric Frost & Dawn Frost | COUNTY |
| ADDRESS: | 129 South Road | SUFFOLK |
| | Kensington, NH 03833 | DEFENDANT(S): Suffolk Construction Company, Inc. |
| | | 65 Allerton Street, Boston, MA 02119 |
| ATTORNEY: | Matthieu J. Parenteau | Sunbelt Rentals, Inc. |
| ADDRESS: | Sheff Law | ADDRESS: 2431 Deerfield Drive |
| | 10 Tremont Street, 7th Floor | Fort Mill, SC 29715 |
| | Boston, MA 01208 | |
| BBO: | | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligence, Personal Injury | F | [X] YES   [ ] NO |
| *If "Other" please describe: | | | |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

| | | |
|---|---|---|
| A. Documented medical expenses to date: | | |
| 1. Total hospital expenses | $ | 75,000 |
| 2. Total doctor expenses | $ | 25,000 |
| 3. Total chiropractic expenses | $ | |
| 4. Total physical therapy expenses | $ | |
| 5. Total other expenses (describe below) | $ | |
| Subtotal (A): | $ | |
| B. Documented lost wages and compensation to date | $ | |
| C. Documented property damages to dated | $ | |
| D. Reasonably anticipated future medical and hospital expenses | $ | 100,000 |
| E. Reasonably anticipated lost wages | $ | 500,000 |
| F. Other documented items of damages (describe below) | $ | 4,000,000 |

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Plaintiff suffered a severe and permanent internal injury, requiring multiple invasive and reductive surgeries, cannot eat or process food, and continues to be disabled. Permanent Intestinal Injury, Loss of Enjoyment of Life, Loss of Quality of Life, Pain and Suffering, Loss of Consortium.

TOTAL (A-F):$ 4,700,000

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X                                    Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                    Date: 2 May 2018

I HEREBY ATTEST AND CERTIFY ON 7/25/18 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

Suffolk                    COMMONWEALTH OF MASSACHUSETTS

~~MIDDLESEX~~, ss.                                    SUPERIOR COURT DEPT.
                                                      CIVIL ACTION NO.:

_____                      18-1410 E

ERIC FROST, and DAWN FROST

        Plaintiff,

        v.

SUFFOLK CONSTRUCTION
COMPANY, INC., and SUNBELT
RENTALS, INC.

        Defendants.
_____


                    **COMPLAINT AND JURY DEMAND**

                            **PARTIES**

1.      The Plaintiff, Eric Frost, is a resident of New Hampshire, with a residence located at 129
        South Road, Kensington, New Hampshire 03833, County of Rockingham.

2.      The Plaintiff, Dawn Frost, is a resident of New Hampshire, is married to Mr. Eric Frost,
        and maintains a residence located at 129 South Road, Kensington, New Hampshire,
        03833, County of Rockingham.

3.      The Defendant, Suffolk Construction Company, Inc., ("Suffolk") is a duly organized
        under the laws of the Commonwealth of Massachusetts, is doing substantial business in
        the Commonwealth of Massachusetts with a principle place of business at 65 Allerton
        Street, Boston, Massachusetts, 02119; maintaining a registered agent of the CT
        Corporation, 155 Federal Street, Ste 700, Boston, Massachusetts, 02110; and having a
        registration with the Massachusetts Corporations Divisions with Identification Number:
        042776356.

4.      The Defendant, Sunbelt Rentals, Inc., ("Sunbelt") is a duly organized under the laws of
        the State of South Carolina, is doing substantial business in the Commonwealth of
        Massachusetts with a principle place of business located at 2341 Deerfield Drive, Fort
        Mill, South Carolina, 29715; maintaining a registered agent of the CT Corporation, 155
        Federal Street, Ste 700, Boston, Massachusetts, 02110; and having a registration with the
        Massachusetts Corporations Division as a Foreign Corporation with Identification
        Number 000940339.

## FACTS COMMON TO ALL COUNTS

5.      On June 26, 2017, the Defendant, Suffolk, by and through its agents, servants or
        employees, was the general contractor responsible for the preconstruction and
        construction services at Wynn Casino, 98 Horizon Way, Everett, MA, County of
        Middlesex. ("Subject Premises").

6.      Defendant Suffolk is the general contractor on the Wynn Casino project.

7.      Defendant Suffolk is required to provide a safe workplace for all employees, agents, and
        servants lawfully on the Wynn Casino construction site.

8.      On or about June 26, 2017, Defendant Sunbelt, by and through its agents, servants or
        employees, provided the subject pile driver to Plaintiff's employer for use on the subject
        construction site.

9.      On or about the morning of June 26, 2017, Defendant Sunbelt, by and through its agents,
        servants, or employees, delivered or allowed to be used, a defective and unreasonably
        dangerous pile driver ("Subject Pile") to the Subject Premises.

10.     The pile driver in question had recently been repaired by Defendant Sunbelt.

11.     On June 26, 2017, and at all times relevant hereto, the Plaintiff, Eric Frost, was employed
        by The Vynorius Companies and was assigned to work at the Subject Premises.

12.     On or about June 26, 2017, the pile driver provided by Sunbelt failed, causing Mr. Frost's
        lower abdominal and groin area to be crushed. (Subject Incident)

13.     As a direct result of the failure, Mr. Frost was seriously injured. Mr. Frost was brought by
        ambulance to Massachusetts General Hospital where he received two surgeries to his
        lower left abdomen, later treated for a blood clot and, other serious and life threatening
        personal injuries, some or all of which appear to be permanent in nature.

14.    As a further direct result of the occurrence, Mr. Frost has sustained substantial medical expenses and will continue to sustain such losses throughout the remainder of his life.

15.    As a further direct result of the occurrence, Mr. Frost has sustained lost wages in a substantial amount and will continue to sustain such losses.

16.    As a further direct result of the occurrence, Mr. Frost has required ongoing medical care, treatment, surgical treatment, and other modalities of treatment.

17.    As a further direct result of the occurrence, Mr. Frost's injuries are permanent in nature and will have permanent residual effects, requiring long term care, treatment, with permanent economic loss and consequent pain, suffering, disability, anguish and the ongoing requirement for medical treatment.

## COUNT I
### Eric Frost v. Suffolk Construction
#### Negligence

18.    Plaintiff, by reference herein, incorporates all paragraphs pled prior as if laid out here.

19.    At all time relevant to this Complaint, Defendant, Suffolk Construction (Suffolk) owed the Plaintiff a duty to operate, manage, and/or control the work site in a safe, responsible, and reasonable manner so as to not endanger the life or safety of others.

20.    At all times relevant to this Complaint, Defendant Suffolk breached this duty when it, through its agent, servant, or employee, carelessly, negligently, and unskillfully allowed an unreasonably dangerous condition and materials to be used at the subject premises.

21.    At all times relevant to this Complaint, Defendant Suffolk further breached this duty when it, through its agent, servant, or employee, carelessly, negligently and unskillfully managed or controlled the pile driver at/or on the Subject Premises.

22.    As a result of Defendant Suffolk's negligence and/or failure to appropriately control the pile driver, the pile driver was involved in an accident in which the Plaintiff was seriously injured.

23.    The injury was caused by reason of the negligence of Defendant Suffolk and was caused in no manner whatsoever by any act or failure to act on the part of the Plaintiff.

24.    As a direct result of the negligence of Defendant Suffolk, its agents, servants or employees, Mr. Frost was seriously injured and brought by ambulance to Massachusetts

3

General Hospital where he received two surgeries to his lower left abdomen, later treated for a blood clot and, other serious personal injuries, some or all of which appear to be permanent in nature.

25.   As a direct result of the negligence of Defendant Suffolk, its agents, servants or employees, Mr. Frost has sustained substantial medical expenses and will continue to sustain such losses throughout the remainder of his life.

26.   As a direct result of the negligence of Defendant Suffolk, its agents, servants or employees, Mr. Frost has sustained lost wages in a substantial amount and will continue to sustain such losses throughout the remainder of his life.

27.   As a direct result of the negligence of Defendant Suffolk, its agents, servants or employees, Mr. Frost has required ongoing medical care, treatment, surgical treatment, physical therapy and other modalities of treatment.

28.   As a direct result of the negligence of Defendant Suffolk, its agents, servants or employees, Mr. Frost's injuries are permanent in nature and will have permanent residual effects, requiring long term care, treatment, with permanent economic loss and consequent pain, suffering, disability, anguish and the ongoing requirement for medical and surgical procedures and monitoring.

WHEREFORE, the Plaintiff demands judgment against the Defendant Suffolk in an amount determined by this Court to be just and reasonable, including interest, attorneys' fees and costs, if applicable.

### PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.

### COUNT II
### Juan C. Avila v. Sunbelt Rentals, Inc.
### Negligence

29.   Plaintiff, by reference herein, incorporates all paragraphs pled above.

30.   Defendant Sunbelt Rentals, Inc. (Sunbelt) breached its duties to properly inspect/repair the pile driver, among other things, in order to verify that the pile driver was fit for use and was safe to those who would be using the pile driver.

4

31. Defendant Sunbelt was further negligent when it knew or should have known of the broken or defective pile driver and nonetheless delivered the pile driver to the subject premises, departed from custom and accepted standards by leaving and failing to warn of the pile driver's defective condition.

32. Defendant Sunbelt, as a seller and/or distributor of the pile driver, has, by matter of law or contract, assumed responsibility for any liability of the manufacturer of the pile driver, arising out of the said defective design, manufacture, marketing and/or failure to warn.

33. Defendant Sunbelt, as a seller, distributor or owner of the Subject pile driver, was negligent in the design, manufacture, marketing, rental and/or failure to warn of dangers of the pile driver, making it unreasonably dangerous to end users or workers.

34. Defendant Sunbelt, as the owner of the Subject pile driver, had recently repaired the subject pile driver.

35. Defendant Sunbelt failed to properly repair the Subject pile driver.

36. As a direct result of failed repair, the Subject pile driver failed, causing a Mr. Frost's injury.

37. As a direct result of the negligence of Defendant Sunbelt, its agents, servants or employees, Mr. Frost was seriously injured, to wit: brought by ambulance to Massachusetts General Hospital where he received two surgeries to his abdomen area and, other serious personal injuries, some or all of which appear to be permanent in nature.

38. As a direct result of the negligence of Defendant Sunbelt, its agents, servants or employees, Mr. Frost has sustained substantial medical expenses and will continue to sustain such losses throughout the remainder of his life.

39. As a direct result of the negligence of Defendant Sunbelt, its agents, servants or employees, Mr. Frost has sustained lost wages in a substantial amount and will continue to sustain such losses throughout the remainder of his life.

40. As a direct result of the negligence of Defendant Sunbelt, its agents, servants or employees, Mr. Frost has required ongoing medical care, treatment, surgical treatment, physical therapy and other modalities of treatment.

41. As a direct result of the negligence of Defendant Sunbelt, its agents, servants or employees, Mr. Frost's injuries are permanent in nature and will have permanent residual

5

effects, requiring long term care, treatment, with permanent economic loss and consequent pain, suffering, disability, anguish and the ongoing requirement for medical and surgical procedures and monitoring.

WHEREFORE, the plaintiff, demands judgment against the Defendant Sunbelt in an amount determined by this Court to be just and reasonable, including interest, attorneys' fees and costs, if applicable.

### PLAINTIFF HEREBY DEMANDS TRIAL BY JURY AS TO ALL ISSUES.

### COUNT III

### Eric Frost v. Sunbelt Rentals, Inc.
### Breach of Implied Warranty

42.   Plaintiff, by reference herein, incorporates all paragraphs pled above.

43.   Defendant Sunbelt, as seller or distributor of the pile driver, impliedly warranted that the pile driver was safe pursuant to the UCC 2-314, 2-315, 2-316 et seq.

44.   The pile driver was not safe when it was delivered to the jobsite by Sunbelt.

45.   The pile driver was not safe due to its condition.

46.   The pile driver was not safe based upon its failure.

47.   As a direct result of the breach of implied warranty by Defendant Sunbelt, its agents, servants or employees, Mr. Frost was seriously injured, to wit: brought by ambulance to Massachusetts General Hospital where he received two surgeries to his lower left abdomen, later treated for a blood clot and, other serious personal injuries, some or all of which appear to be permanent in nature.

48.   As a direct result of the breach of warranty by Defendant Sunbelt, its agents, servants or employees, Mr. Frost has sustained substantial medical expenses and will continue to sustain such losses throughout the remainder of his life.

49.   As a direct result of the breach of warranty by Defendant Sunbelt, its agents, servants or employees, Mr. Frost has sustained lost wages in a substantial amount and will continue to sustain such losses throughout the remainder of his life.

50.    As a direct result of the breach of warranty by Defendant Sunbelt, its agents, servants or
employees, Mr. Frost has required ongoing medical care, treatment, surgical treatment,
and other modalities of treatment.

51.    As a direct result of the breach of warranty by Defendant Sunbelt, its agents, servants or
employees, Mr. Frost's injuries are permanent in nature and will have permanent residual
effects, requiring long term care, treatment, with permanent economic loss and
consequent pain, suffering, disability, anguish and the ongoing requirement for medical
and surgical procedures and monitoring.

WHEREFORE, the plaintiff, demands judgment against the Defendant Sunbelt in an
amount determined by this Court to be just and reasonable, including interest, attorneys' fees and
costs, if applicable.

## COUNT IV: LOSS OF CONSORTIUM
### Dawn Frost v. Suffolk Construction Company, Inc.

52.    Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out
separately herein.

53.    As a direct and proximate result of the negligence of the Defendant Suffolk Construction
Company, Inc., Dawn Frost has been deprived of the reasonably expected services,
protections, care, assistance, society, companionship, comfort, guidance, counsel, and
advice of Mr. Eric Frost, punitive damages, and all other damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of
consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided
by law.

## COUNT V: LOSS OF CONSORTIUM
### Dawn Frost v. Sunbelt Rentals, Inc.

54.    Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out
separately herein.

7

55.     As a direct and proximate result of the negligence of the Defendant Sunbelt Rentals, Inc.,

        Dawn Frost has been deprived of the reasonably expected services, protections, care,

        assistance, society, companionship, comfort, guidance, counsel, and advice of Mr. Eric

        Frost, punitive damages, and all other damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of

consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided

by law.


**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.**


I HEREBY ATTEST AND CERTIFY ON
_____7/25/18_____ , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:

The Plaintiffs,
Eric Frost and Dawn Frost,
By Their Attorneys,
SHEFF LAW OFFICES, P.C.


Frank J. Federico, Jr.
BBO # 550193
ffederico@shefflaw.com
Matthieu J. Parenteau
BBO# 679941
mparenteau@shefflaw.com
10 Tremont Street, 7th Floor
Boston, Massachusetts 02108
(P) 617.227.7000
(F) 617.227.8833


Dated: 2  May 2018

8

*4*

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. __1884CV01410__

2018 JUL 16  P 2: 21

__Eric Frost and__ , PLAINTIFF(S),
__Dawn Frost__

v.

__Suffolk Construction__ DEFENDANT(S)
__Company, Inc., et. al.__

### SUMMONS

THIS SUMMONS IS DIRECTED TO __Sunbelt Rentals, Inc.__ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the __Suffolk Superior__ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect
to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an
extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a
copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, __Suffolk Superior__ Court,
   __Three Pemberton Square__
   __Boston, MA 02108__ (address), by mail or in person, **AND**

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following
   address: __Sheff Law, 10 Tremont St., 7th Fl., Boston, MA 02108__

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer
must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
based on the same facts or transaction described in the Complaint, then you must include those claims
in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
Answer or in a written demand for a jury trial that you must send to the other side and file with the
court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
**"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion
to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If
you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
described in the rules of the Court in which the complaint was filed, available at
www.mass.gov.courts/case-legal-res/rules of court.

I HEREBY ATTEST AND CERTIFY ON
7/25/18 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY

JULY 10, 2018

## RETURN OF SERVICE

I this day SERVED the within named   SUNBELT RENTALS, INC.
C/O CT CORP

by delivering to                                     NICK ANDRADE, CLERK,  9:55AM

**X**   in hand

No.    155 FEDERAL ST, STE 700
in the city/town of  BOSTON, an attested copy of the SUMMONS; COMPLAINT; JURY DEMAND;
CIVIL ACTION COVER SHEET; TRACKING ORDER; PLAINTIFF'S INTERROGATORIES TO
THE DEFENDANT; PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE
DEFENDANT AND NOTICE OF TAKING DEPOSITION

Service and travel    $    84

_John Rymaszewski_

_____
Process Server/

## Commonwealth of Massachusetts

SUFFOLK, SS.                                          TRIAL COURT OF THE COMMONWEALTH
                                                      SUPERIOR COURT DEPARTMENT
                   2018 JUL 16  P 2: 2   CIVIL DOCKET NO.  1884CV01410

Eric Frost & Dawn Frost
_____, PLAINTIFF(S)

v.

Suffolk Construction DEFENDANT(S)
Company, Inc., et. al.

### SUMMONS

THIS SUMMONS IS DIRECTED TO  Suffolk Construction
                             Company, Inc.              . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
    the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
    opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect
    to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an
    extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a
    copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
    a.  Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Superior Court.
        Three Pemberton Square, Boston, MA 02108 (address), by mail or in person, **AND**
    b.  Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following
        address: Sheff Law, 10 Tremont St., 7th Fl., Boston, MA 02108

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer
    must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
    Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
    use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
    based on the same facts or transaction described in the Complaint, then you must include those claims
    in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
    lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
    Answer or in a written demand for a jury trial that you must send to the other side and file with the
    court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
    **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion
    to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If
    you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
    described in the rules of the Court in which the complaint was filed, available at
    www.mass.gov.courts/case-legal-res/rules of court.

I HEREBY ATTEST AND CERTIFY ON
7/25/18 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Assistant Clerk

JULY 10, 2018

## RETURN OF SERVICE

*I this day SERVED the within named*   SUFFOLK CONSTRUCTION COMPANY, INC.
C/O CT CORP

*by delivering to*   NICK ANDRADE, CLERK,  9:55 AM

**X**   *in hand.*

*No.*   155 FEDERAL ST, STE 700
*in the city/town of* BOSTON, *an attested copy of the SUMMONS; COMPLAINT; JURY DEMAND; CIVIL ACTION COVER SHEET; TRACKING ORDER; PLAINTIFF'S INTERROGATORIES TO THE DEFENDANT; PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT AND NOTICE OF TAKING DEPOSITION*

*Service and travel*   $   84

John Rymaszewski
_____
Process Server/